UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MENES ANKH EL, ) | |
| ) | |
| Petitioner, ) | |
| vs. ) | Case No.1:12-cv-1688-TWP-TAB |
| ) | |
| GIL PETERS, Superintendent, ) | |
| ) | |
| Respondent. ) | |

**E N T R Y**

This matter is before the Court on Petitioner Menes Ankh El's Demand to Transfer Proceedings (Dkt. 16).

**I.**

As an initial matter, Petitioner has moved to amend the caption as he is longer in the custody of Marion County Sheriff, John R. Layton. The habeas petitioner is now confined at the Branchville Correctional Facility, an Indiana prison. The Superintendent of that prison, named in his official capacity only, is substituted as the respondent, as shown in the caption of this Entry. The petitioner's suggestion that the Commissioner of the Indiana Department of Correction be designated as a co-respondent is not accepted as the superintendent of Branchville Correctional is the proper respondent in this action.

**II.**

The petitioner seeks the recusal of the undersigned because he disagrees with one or more rulings in this action and because the undersigned was formerly a judicial officer in a trial court of this State. This request is denied for the reasons stated below.

Federal law provides that "[a]ny . . . judge . . . shall disqualify h[er]self in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "The standard in

any case for a ' 455(a) recusal is whether the judge's impartiality could be questioned by a reasonable, well-informed observer.@ *Id.* In *Hook v. McDade,* 89 F.3d 350, 354 (7th Cir. 1996), the court stated that ' 455(a) Aasks whether a reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits. This is an objective inquiry.@ The purpose of the statute "is to preserve the appearance of impartiality." *United States v. Johnson*, 680 F.3d 966, 979 (7th Cir.), *cert. denied*, 133 S. Ct. 672 (2012).

Judicial rulings, routine trial administration efforts, and ordinary admonishments are not grounds for recusal. *See Liteky v. United States,* 510 U.S. 540 (1994). In order to justify recusal under § 455(a), the impartiality of which a judge is accused will almost always be extrajudicial. *Id.* at 554; *O'Regan v. Arbitration Forums, Inc.,* 246 F.3d 975, 988 (7th Cir. 2001); *In re Huntington Commons Assocs.,* 21 F.3d 157, 158-59 (7th Cir. 1994). Thus, "[w]hen a motion for recusal fails to set forth an extrajudicial source for the alleged bias and no such source is apparent, the motion should be denied." S*prinpangler v. Sears, Roebuck & Co.*, 759 F. Supp. 1327, 1329 (S.D.Ind. 1991) (citing *Jaffree v. Wallace,* 837 F.2d 1461, 1465 (11th Cir. 1988)).

The petitioner's dissatisfaction with prior rulings by the undersigned is not evidence of bias, nor is it otherwise a valid basis for a change of judge. As to the second factor cited in the motion for disqualification, the former service of the undersigned as a judicial officer in the State of Indiana does not undercut my impartiality, which is both presumed, *see United States v. Baskes,* 687 F.2d 165, 170 (7th Cir. 1981), and a reality. The court concludes that there is no legitimate basis for the petitioner to seek the disqualification of the undersigned. The motion to recuse thus fails under ' 455(a)(1) because the circumstances reviewed above do not demonstrate an objectively reasonable basis for questioning my impartiality. In addition, no

circumstances associated with this action warrant the disqualification of the undersigned judge under any provision of ' 455(b).

Based on the foregoing, therefore, the petitioner's motion to transfer proceedings (Dkt. 16) is **DENIED.**

IT IS SO ORDERED.

Date: 12/02/2013

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Menes Ankh El
DOC # 233632
BRANCHVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
21390 Old State Road 37
BRANCHVILLE, IN 47514