UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MENES ANKH EL, | ) | |
| Petitioner, | ) | |
| vs. | ) | Case No.1:12-cv-1688-TWP-TAB |
| CHRIS MORRISON, Director, | ) | |
| Duvall Residential Center, | ) | |
| Respondent. | ) | |

**Entry Discussing Petition for Writ of Habeas
Corpus and Denying Certificate of Appealability**

For the reasons explained in this Entry, the petition of Menes Ankh El, for a writ of habeas corpus must be **denied** and the action **dismissed for lack of jurisdiction**. In addition, the court finds that a certificate of appealability should not issue.

**Petition for writ of habeas corpus**

**I.**

"Jurisdiction" means nothing more and nothing less than "a court's adjudicatory authority." *Reed Elsevier, Inc. v. Muchnick,* 130 S. Ct. 1237, 1243 (2010). Subject-matter jurisdiction must be derived from the constitution or statutes and cannot be conferred by the consent or agreement of the parties. *Truax v. State*, 856 N.E.2d 116, 122 (Ind.Ct.App. 2006).

In Indiana, circuit courts have original and concurrent jurisdiction in criminal cases. IND. CODE ▪ 33-28-1-2(a)(1). Standard superior courts also have original and concurrent jurisdiction in criminal cases. IND. CODE ▪ 33-29-1-1.5(1).

## II.

In the present case, Wendell Brown, now litigating under the name Menes Ankh El, challenges the validity of his prosecution in the Marion Superior Court. While this action was pending, the prosecutions culminated in jury trials, which in turn resulted in Brown being convicted in each case. Brown was sentenced in August 2013 in one case and in September 2013

## III.

Brown correctly notes that this action started as a habeas filing pursuant to 28 U.S.C. § 2241 because he had not been convicted at that point. *Walker v. O'Brien,* 216 F.3d 626, 633 (7th Cir. 2000) (Section 2254 is the vehicle for prisoners in custody pursuant to the judgment of a state court, but not those in state custody for some other reason, such as preconviction custody*); United States v. Castor,* 937 F.2d 293, 296-97 (7th Cir. 1991); *Hirsch v. Smitley,* 66 F.Supp.2d 985 (W.D.Wisc. 1999). Brown is incorrect for the reasons explained in Part I of this Entry insofar as he argues that the state trial court lacked jurisdiction over the criminal charges filed against him. Brown is also incorrect in suggesting that the exhaustion of state remedies is unnecessary when an action is brought pursuant to § 2241. *Castor*, 937 F.2d at 297 (citing *Baldwin v. Lewis,* 442 F.2d 29, 31-33 (7th Cir. 1971)). The question of exhaustion is to be determined at the time the habeas petition is filed. *Verdin v. O'Leary,* 972 F.2d 1467, 1483 (7th Cir. 1992). Applying this rule, Brown's petition was filed prematurely and should be dismissed without prejudice.

Brown also acknowledges that his appropriate federal habeas remedy following his convictions is a petition brought pursuant to 28 U.S.C. § 2254(a). Before such a petition may be properly filed, however, a state prisoner must exhaust available state remedies. *Baldwin v. Reese,* 541 U.S. 27, 29 (2004)(citing 28 U.S.C. 2254(b)(1)). The exhaustion requirement is that a state prisoner, before filing a habeas petition, has presented the highest state court available with a fair opportunity to rule on the merits of each claim he seeks to raise in this case. 28 U.S.C. 2254(b), (c). *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state

courts one full opportunity to resolve any constitutional issues."). It is undisputed that Brown has not done this. His assertion that no remedies exhaust because of the asserted jurisdictional deficiency in the trial court is empty *ipse dixit.* Brown does not seek to convert his § 2241 habeas petition to an amended petition pursuant to § 2254(a). Under either path, however, the dismissal of this action without prejudice is warranted.

## V.

The petition of Wendell Brown, a/k/a Menes Ankh El, for a writ of habeas corpus is therefore dismissed without prejudice.

Judgment consistent with this Entry shall now issue.

### Certificate of Appealability

Next, the court must determine whether a certificate of appealability is warranted. *Evans v. Circuit Court of Cook County,* 569 F.3d 665, 666 (7th Cir. 2009). Pursuant to Federal Rule of Appellate Procedure 22(b), the discussion in *Evans*, and 28 U.S.C. § 2253(c)(1)(A), the court finds that Brown has failed to show that reasonable jurists would find it "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). As in *Evans,* the petitioner "certainly has not made a substantial showing of a need for federal intervention before all of his claims have been presented to the state judiciary and pursued through the usual appellate process after a final decision." 569 F.3d at 667 (citing cases). The court therefore **denies** a certificate of appealability.

IT IS SO ORDERED.

Date: 12/1/2014

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Menes Ankh El
DOC # 233632
DUVALL RESIDENTIAL CENTER
1848 LUDLOW AVENUE
INDIANAPOLIS, IN 46201

Electronically Registered Counsel