UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MENES ANKH EL, ) | |
| ) | |
| Petitioner, ) | |
| vs. ) | Case No.1:12-cv-1688-TWP-TAB |
| ) | |
| BRIAN SMITH, Superintendent, ) | |
| ) | |
| Respondent. ) | |

**Entry Discussing Selected Matters**

**I.**

This action for habeas corpus relief brought by Wendell Brown—litigating under the name of Menes Ankh El—challenging his conviction in No. 49G04-1208-FC-59353 was dismissed without prejudice because he had not complied with the exhaustion requirement of the federal habeas statute prior to filing the action. Judgment was entered on the clerk's docket on December 1, 2014.

On February 8, 2016, just over 14 months after the entry of judgment, the petitioner filed with the clerk (1) his *Truth Affidavit and Demand for Writ of Habeas Corpus Pursuant to Title 28 U.S.C. [§] 2254(b)(3) and (4)*, and (2) his request to proceed *in forma pauperis*. The items filed on February 8, 2016 are addressed in this Entry.

**II.**

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed.R.Civ.P. 59(e) or a motion seeking relief from the judgment pursuant to Fed.R.Civ.P. 60(b)." *Van Skiver v. United States,* 952 F.2d 1241, 1243 (10th Cir. 1991).

In the present case, the post-judgment *Truth Affidavit and Demand* was filed more than a full year after expiration of the 28-day deadline to file a motion to alter or amend judgment and is

essentially the petitioner's proposed amended petition for writ of habeas corpus. It is his proposed amended petition because in it he states that he has now exhausted available remedies in the Indiana state courts and reasserts the claims in his original petition for writ of habeas corpus. Liberally construed, moreover, it is also the procedural tool to accomplish the foregoing objective. Accordingly, the post-judgment *Truth Affidavit and Demand* is **also treated as a motion for relief from judgment** pursuant to Rule 60(b) of the *Federal Rules of Civil Procedure. Hope v. United States*, 43 F.3d 1140, 1143 (7th Cir. 1994) (citing *United States v. Deutsch*, 981 F.2d 299, 301 (7th Cir. 1992)).

In order for a Rule 60(b) movant to obtain the relief requested, he must show that he had both grounds for relief, *Fed. R. Civ. P.* 60(b)(1)-(5), and a meritorious claim or defense. *Breuer Electric Mfg. Co. v. Toronado Systems of America, Inc.,* 687 F.2d 182, 185 (7th Cir. 1982). However, even assuming that in the present case these factors could be demonstrated, the relief sought by the petitioner could not be granted. This is because when an action is dismissed without prejudice, such as occurred here, "the plaintiff can resurrect his lawsuit only by filing a new complaint." *U.S. v. Ligas*, 549 F.3d 497, 503 (7th Cir. 2008). Thus, seeking relief from the docketed judgment to resurrect the case is not an available path.

Based on the foregoing, the motion for relief pursuant to Rule 60(b) [dkt 53] is **denied.** The ancillary request to proceed *in forma pauperis* [dkt 52] is likewise **denied.**

### III.

Following the ruling in Part II of this Entry, the materials filed by the petitioner on February 8, 2016 will be **processed as a new civil action** in the Indianapolis Division of the Court. The nature of suit code for the new action shall be NOS 530 and the cause of action code shall be 28:2254(a).

A copy of this Entry shall also be docketed in the newly opened action, as to which judicial officers shall be assigned by random draw. The parties in the newly opened action are to be: *Menes*

*Ankh El*, Petitioner; and *Brian Smith*, Respondent. The items to be re-docketed in the newly opened action are the *Affidavit, Truth, etc.* [dkt 53] and the request to proceed *in forma pauperis* [dkt 52].

### IV.

The petitioner's current custodian, as shown in the caption of this Entry, is **substituted as the respondent.**

The docket shall be **amended** to reflect the petitioner's current address as shown in the Distribution portion of this Entry.

*Nothing in this Entry shall be construed as any finding, nor even any view, as to whether the petitioner has complied with the exhaustion of state court remedies requirement of the federal habeas statute.*

IT IS SO ORDERED.

Date: 2/11/2016

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Menes Ankh El (Wendell Brown)
DOC # 233632
Putnamville Correctional Facility
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN 46135

Electronically Registered Counsel